IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Jeremy Dominick, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.** |
| | ) | |
| v. | ) | _____ |
| | ) | |
| Sysco Atlanta, LLC, | ) | |
| | ) | **Jury Trial Demanded** |
| Defendant | ) | |
| | ) | |

**COMPLAINT**

COMES NOW, Jeremy Dominick ("Mr. Dominick" or "Plaintiff"), and brings this *Complaint* against the above-named Defendant as follows:

**Nature of the Action**

1. This is an action for damages brought pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. The evidence will show that Defendant Sysco Atlanta, LLC ("Sysco" or "Defendant"), through its agents and officials, interfered with Mr. Dominick's right to exercise his protected leave in violation of the FMLA.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter, which arises under federal law, pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this Court pursuant to 29. U.S.C. § 1391, because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

## PARTIES

5. Plaintiff Dominick is a former employee of Defendant Sysco. Mr. Dominick is a citizen of the United States who submits himself to the jurisdiction of this Court.

6. Defendant Sysco is a foreign corporation that conducts business in the State of Georgia. It may be served with the summons and complaint by personal service on its registered agent, whose office is located at 40 Technology Pkwy South, #300, Norcross, Georgia 30092. This Court has personal jurisdiction over Sysco.

7. Sysco is an employer as defined by the FMLA.

8. Sysco employed more than 50 employees during 2016, 2017, and 2018.

## FACTUAL ALLEGATIONS

9. Sysco is a national distributor of food products.

10. Mr. Dominick started his employment with Sysco 14 years ago. In his last position, Mr. Dominick was a Safety Specialist.

11. In or around October 2018, Mr. Dominick requested and was approved to use his sick leave on December 7, 2018, to recover from his upcoming photorefractive keratectomy (PRK) surgery, an eye surgery for vision correction.

12. On Thursday, December 6, 2018, he informed Sunday Olatunji, his immediate supervisor, that he would be taking Monday, December 10, 2018 off, and using sick leave, in order to recover from the surgery.

13. Mr. Dominick told Mr. Olatunji that he would call in on Monday, December 10, 2018, to let him know how he was recovering and whether he might require additional time off.

14. On Friday, December 7, 2018, Mr. Dominick underwent PRK surgery as scheduled.

15. Mr. Dominick was incapacitated from December 7, 2018 until at least December 12, 2018, as his vision was completely blurry. He could not drive and could not read a computer screen, two essential functions of his job.

16. On Monday, December 10, 2018, because Mr. Dominick was unable to report to work due to complications caused by the surgery, including blurry vision, he called Mr. Olatunji and informed him of same.

17. Mr. Olatunji stated in response, "your health comes first," and instructed Mr. Dominick to take off the remainder of the week to recover.

18. Mr. Dominick's instructions from his employer were to report to Mr. Olatunji.

19. On Wednesday, December 12, 2018, Mr. Dominick spoke with Richard Leonard, the newly hired Director of Loss Prevention and Security, on the phone regarding his absence from work and the medical reason for same.

20. Mr. Leonard told Mr. Dominick to be sure to note the time he took off as sick leave in the Sysco system.

21. Mr. Dominick told Mr. Leonard that he would attempt to come into work the following day, Thursday, December 13, 2018.

22. Mr. Leonard told Mr. Dominick to take the remainder of the week off and to cancel his Christmas vacation.

23. At approximately 4:55 p.m. on Wednesday, December 12, 2018, Mr. Leonard called Mr. Dominick and notified him that he was being suspended and should not come to work on the following day.

24. On Monday, December 17, 2018, Mr. Dominick reported to work.

25. Shortly after, Mr. Leonard convened a meeting with Mr. Dominick and Terri Hassel, the Director of Human Resources (HR).

26. Mr. Leonard told Mr. Dominick that he was terminated.

27. Mr. Leonard provided Mr. Dominick with an "Employee Warning Notification" to memorialize the reason for the termination.

28. The "Type of Violation" listed on the form was "Attendance."

29. The form's description of the "violation" included Mr. Dominick's absences on December 7, 10, 11, and 12, 2018, which were absences arising from Mr. Dominick's serious medical condition of vision loss and of which Mr. Dominick had informed his supervisor and obtained approval.

30. The form further described the "violation" to include two days on which he allegedly came to work late and left early.

31. Mr. Dominick had not come into work or left early on the days in question.

32. Mr. Dominick attempted to explain to Ms. Hassel that he had a doctor's note for the absences in question. Mr. Leonard interrupted him and said that Mr. Dominick was "only trying to cover for himself." Mr. Leonard refused to look at the note or allow him to show it to Ms. Hassel.

33. Despite being aware of Mr. Dominick's medical condition, and despite being aware that his medical condition affected his ability to work, Sysco never informed Mr. Dominick of his rights under the FMLA including his right to request and take FMLA leave.

## SUBSTANTIVE CLAIMS

### FMLA Interference

34. By this reference, Mr. Dominick incorporates his factual allegations as if fully set forth herein.

35. The FMLA requires employers to provide eligible employees with twelve weeks of leave, on either a continuous or intermittent basis, during any twelve-month period due to the employee's serious health condition.

36. The FMLA forbids an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right to protected leave.

37. Mr. Dominick was eligible for FMLA leave, on either a continuous or intermittent basis, given the length of his employment with Defendant and his working hours during that period.

38. Mr. Dominick's complications developed following his eye surgery qualifies as a "serious health condition" under the FMLA. See 29 C.F.R. § 825.113(d))

39. Defendant interfered with Mr. Dominick's right to take leave protected by the FMLA by failing to inform him of his right to FMLA leave after learning of his serious health condition and by failing to allow Mr. Dominick FMLA leave as needed to address his serious health condition.

40. Upon information and belief, Defendant's violation of Mr. Dominick's FMLA rights was willful or, in the alternative, carried out with deliberate indifference to his rights.

41. Mr. Dominick is entitled to recover all economic losses caused by Defendant's interference with his FMLA rights, in addition to liquidated damages, interest, and reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a) That a trial by jury be had on all issues for which a jury trial is permitted under law;

b) That damages be awarded against Defendant to compensate the Plaintiff for the injuries suffered as a consequence of Defendant's actions in an amount to be determined by the enlightened conscious of the jury;

c) That liquidated damages be awarded against Defendant;

d) That attorney's fees and expenses of litigation be awarded to Plaintiff;

e) That equitable relief, including reinstatement, or front pay in lieu thereof, be awarded to Plaintiff;

f) That pre-judgment and post-judgment interest be awarded; and

g) That the Court award such other equitable or monetary relief as the Court deems just and proper.

Respectfully submitted, this April 11, 2019.

>*/s/ James Radford*
>James Radford
>Georgia Bar No. 108007
>Seungeun April Lee
>Georgia Bar No. 487634
>Radford & Keebaugh, LLC
>315 W. Ponce de Leon Ave.
>Suite 1080
>Decatur, Georgia 30030
>(678) 271-0302
>james@decaturlegal.com
>april@decaturlegal.com
>
>*Attorneys for Plaintiff*