IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **JEREMY DOMINICK,** | § § § § | |
| **Plaintiff,** | § § | |
| v. | § § | NO. 1:19-CV-01645-MLB-LTW |
| **SYSCO ATLANTA, LLC,** | § § § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendant Sysco Atlanta, LLC, ("Sysco" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff Jeremy Dominick's ("Dominick" or "Plaintiff") Complaint [Dkt # 1] ("Complaint"), and states as follows:

### I.  ANSWER TO PLAINTIFF'S COMPLAINT

1.  With regard to the allegations contained in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring this lawsuit as an action for damages pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). Defendant denies that it has violated the FMLA or any law and denies that Plaintiff is entitled to any relief. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. With regard to the allegations contained in Paragraph 3 of the Complaint, Defendant admits only that this Court has subject matter jurisdiction over the federal claim asserted by Plaintiff in the Complaint. Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. With regard to the allegations contained in Paragraph 4 of the Complaint, Defendant admits only that venue is proper in this Court. Defendant denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. With regard to the allegations contained in Paragraph 5 of the Complaint, Defendant admits only that Plaintiff was previously employed by Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint; therefore, they are denied.

6. With regard to the allegations contained in Paragraph 6 of the Complaint, Defendant admits only that it is a foreign limited liability company that conducts business in the State of Georgia, that Defendant may be served through its registered agent as stated in Paragraph 6 of the Complaint, and that this Court

has personal jurisdiction over Defendant. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. With regard to the allegations contained in Paragraph 9 of the Complaint, Defendant admits only that it is a distributor of food products. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. With regard to the allegations contained in Paragraph 10 of the Complaint, Defendant admits only that Plaintiff's position at the time his employment with Defendant was terminated was Safety Specialist. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. With regard to the allegations contained in Paragraph 12 of the Complaint, Defendant admits only that, on or about December 6, 2018, Plaintiff

told Sunday Olatunji that he planned to be off of work on December 10, 2018 due to a scheduled eye procedure. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint; therefore, they are denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint; therefore, they are denied.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. With regard to the allegations contained in Paragraph 19 of the Complaint, Defendant admits only that, on or about December 12, 2018, Plaintiff

spoke on the phone with Richard Leonard, Defendant's Director of Loss Prevention and Security, regarding his absence from work. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. With regard to the allegations contained in Paragraph 24 of the Complaint, Defendant admits only that, on or about Friday, December 14, 2018, Plaintiff came to Defendant's office. Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. With regard to the allegations contained in Paragraph 25 of the Complaint, Defendant admits only that a meeting occurred that was attended by Mr. Leonard, Plaintiff, and Teri Hassell, Defendant's Human Resources Business Partner.

26. Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. With regard to the allegations contained in Paragraph 29 of the Complaint, Defendant admits only that the form's description of the violation included Plaintiff's absences on December 7, 10, 11, and 12, 2018. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. With regard to the allegations contained in Paragraph 32 of the Complaint, Defendant admits only that, after Plaintiff was informed that his employment was terminated, he told Ms. Hassell that he had a doctor's note related to his absences. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. With regard to the allegations contained in Paragraph 34 of the Complaint, Defendant incorporates the admissions and denials contained in Paragraphs 1-33 of this Answer by reference, as though fully set forth herein.

35. The allegations contained in Paragraph 35 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

36. The allegations contained in Paragraph 36 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

37. The allegations contained in Paragraph 37 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

38. The allegations contained in Paragraph 38 of the Complaint constitute legal conclusions to which no responsive pleading is required and, thus, those allegations are denied.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. With regard to the unnumbered "WHEREFORE" Paragraph following Paragraph 41 of the Complaint, Defendant denies all alleged wrongdoing, denies that Plaintiff was damaged, and denies that Plaintiff is entitled to any relief, including but not limited to the relief identified in the unnumbered "WHEREFORE" Paragraph following Paragraph 41 of the Complaint. Defendant denies the remaining allegations contained in the unnumbered "WHEREFORE" Paragraph following Paragraph 41 of the Complaint.

## II.   AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

3. Defendant, at all times, complied with its obligations under the FMLA.

4. Defendant is entitled to the damages caps and limitations contained in the FMLA, the U.S. Constitution, the Georgia Constitution, and other applicable law.

5. Plaintiff, in whole or in part, has failed to mitigate his damages. Additionally, Defendant is entitled to an offset for any mitigating income and benefits received by Plaintiff.

6. Any claims for liquidated damages are barred because Defendant acted in good faith and, at all times, reasonably believed its conduct was in compliance with the law.

7. Pleading in the alternative and in response to any alleged evidence of interference with FMLA rights that may be produced by Plaintiff, such actions on the part of Defendant's employees were contrary to Defendant's good faith efforts to comply with all applicable laws.

8. Defendant reserves the right to assert additional affirmative and other defenses at such time and to the extent warranted by discovery and the factual developments in this case.

### III. ATTORNEYS' FEES

Defendant seeks to recover all costs and fees associated with the defense of the claims in this action, including attorneys' fees, costs, and expert witness fees, pursuant to all applicable law.

### IV. PRAYER

WHEREFORE, Defendant prays that Plaintiff take nothing by this suit, and that the Court enter judgment on behalf of Defendant, and award Defendant its attorneys' fees, costs, and expert witness fees, and such other and further relief, at law or in equity, to which Defendant may be justly entitled.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1D AND 5.1C

Pursuant to Local Rules 7.1D and 5.1C, the undersigned counsel hereby certifies that the foregoing document complies with the requirements as to font and has been prepared in Times New Roman, 14 point.

Respectfully submitted this 22nd day of May, 2019.

        By: */s/David R. Anderson*
        Patrick L. Ryan
        Georgia Bar No. 269833
        pryan@fordharrison.com
        David R. Anderson
        Georgia Bar No. 368564
        danderson@fordharrison.com
        FORD & HARRISON LLP
        271 17th Street, N.W., Suite 1900
        Atlanta, GA  30363
        Phone: (404) 888-3800
        Facsimile: (404) 832-8728

        Peter J. Stuhldreher
        Texas State Bar No. 24056393
        pstuhldreher@reedsmith.com
        (admitted pro hac vice)
        REED SMITH LLP
        811 Main Street, Suite 1700
        Houston, TX 77002-6110
        Telephone: (713) 469-3800
        Facsimile: (713) 469-3899

        ***Attorneys for Defendant***

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **JEREMY DOMINICK,** | § | |
| | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | **NO. 1:19-CV-01645-MLB-LTW** |
| **SYSCO ATLANTA, LLC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## CERTIFICATE OF SERVICE

I hereby certify that, on May 22, 2019, a true and correct copy of the foregoing document was filed and served on the following counsel of record via the Court's CM/ECF system:

James Radford
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia  30030

                                                                   */s/ David R. Anderson*
                                                                   David Anderson

WSACTIVELLP:10545622.1